UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LEANA GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16CV01316 AGF |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion, filed on May 26, 2017, to dismiss the case with prejudice for Plaintiff's failure to prosecute and failure to comply with Court orders. Defendant also asks the Court to award Defendant attorney's fees it incurred as a result of Plaintiff's failure to comply with the rules of discovery and Court orders. The motion outlines Plaintiff's noncompliance with this Court's Order dated May 3, 2017, compelling Plaintiff to respond to Defendant's First Set of Interrogatories and First Requests for Production of Documents. The Court explained in that Order that Plaintiff's pro se status did not excuse her from complying with discovery requests, and the Court cautioned Plaintiff that her failure to comply with the Order may result in the imposition of sanctions, including dismissal of the action with prejudice. ECF. No. 26.

Defendant's motion also states that Plaintiff has not cooperated with defense counsel to reschedule a mediation conference, after the Court reminded Plaintiff, by Order dated May 17, 2017, of her obligation to do so. The request for attorney's fees is supported by an affidavit of counsel for Defendant.

Plaintiff did not file a response to Defendant's motion to dismiss and for fees in the time permitted to do so.  On June 9, 2017, the Court issued an Order to Show Cause, allowing Plaintiff up to and including June 16, 2017, to show cause why Defendant's motion to dismiss and for attorney's fees should not be granted.  The Court stated that upon review of the record, the Court believed that Plaintiff's conduct during this litigation warranted dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with discovery rules and this Court's Orders.  The Court further stated that Defendant had demonstrated that it incurred attorney's fees in the amount of $2,537[1] related to efforts to obtain compliance by Plaintiff.

To date, there has been no further activity in the case.  As the Court explained to Plaintiff, her pro se status does not excuse her from complying with Court orders or the rules of discovery.  *See Farnsworth v. City of Kansas City*, 863 F.2d 33, 34 (8th Cir. 1988).  Based on the hearing the Court held early in the case to ascertain that Plaintiff understood her right to request the appointment of counsel, the Court is satisfied that Plaintiff understood what was expected of her during the course of discovery and to effectuate mediation.  The Court now concludes that Defendant's motion to dismiss this action with prejudice should be granted.  *See id.*, 863 F.2d at 34 (affirming the dismissal of a pro se plaintiffs' case after the district court took steps to warn plaintiffs of the consequences of not complying and to ensure plaintiffs understood what was expected of

---

[1]  The motion requests fees in the amount of $2,565, which includes $28 not identified as related to the matters at hand.

them during the course of discovery). Dismissal of a pro se plaintiff's action for failure to answer interrogatories is warranted under appropriate circumstances. *Anderson v. Home Ins. Co.* 724 F.2d 82, 84 (8th Cir. 1984) (affirming the dismissal of a pro se litigant's complaint with prejudice for failure to comply with the court's discovery order after plaintiff failed to timely answer interrogatories); *White v. Midwest Block & Brick, LLC*, 2015 WL 3866871, at *2-3, No. 2:14CV04194 NKL, (W.D. June 23, 2015); *Sharp v. Kornbrust*, No. 2:05CV00045 ERW, 2006 WL 3803436, at *1 (E.D. Mo. Nov. 29, 2006).

An action may also be dismissed pursuant to Rule 41(b) for failure to prosecute or if a plaintiff has failed to comply with any order of the court. "Although dismissal with prejudice is a severe sanction, the court may impose such a sanction where the plaintiff has engaged in a pattern of intentional delay." *First Gen. Res. Co. v. Elton Leather Corp.*, 958 F.2d 204, 206 (8th Cir. 1992). A court need not find the "plaintiff acted in bad faith, merely that the plaintiff acted deliberately as opposed to accidentally." *Id.* Here, Plaintiff's challenged conduct can hardly be said to be accidental.

As noted above, Defendant requests that in addition to dismissing Plaintiff's claims against it, this Court order Plaintiff to pay Defendant the fees it incurred as a result of Plaintiff's conduct. The Court finds dismissal of Plaintiff's claims with prejudice to be a sufficient sanction for her noncompliance and declines to also award Defendant attorney's fees. Dismissing Plaintiff's claims with prejudice is a significant benefit to Defendant and saves it the cost and effort of defending the case going forward. *See*

*White*, 2015 WL 3866871, at *3.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss this action with prejudice is **GRANTED**. Defendant's request for attorney's fees is denied. ECF. No. 27.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2017.